FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRANT THOMAS MCADAMS,<br><br>                    Petitioner,<br><br>    v.<br><br>VAAIA GAINES,<br><br>                    Respondent. | No. 2:18-CV-00188-MKD<br><br>ORDER DISMISSING HABEAS PETITION<br><br>**ECF Nos. 1, 8** |

Before the Court is Petitioner's Amended Petition under 28 U.S.C § 2254 for Writ of Habeas Corpus.[1]  ECF Nos. 1, 8.  The Court has reviewed the briefing and the record and is fully informed.  For the following reasons, the Court dismisses the petition with prejudice.

---

[1] Petitioner filed his initial petition on June 12, 2018, and the operative amended petition on October 25, 2018.  The Court stayed the case on February 5, 2019, to allow Petitioner to pursue additional claims in state court, ECF No. 15, and lifted the stay on September 20, 2024, after those proceedings concluded, at which point the case proceeded to briefing on the merits.  ECF No. 57.

ORDER – 1

## BACKGROUND

*1. Trial and Conviction*

On June 12, 2012, a jury in Spokane County Superior Court found Petitioner guilty of first-degree assault and first-degree robbery. ECF No. 60-1 at 2-3. The charges arose from an incident in which Petitioner attacked the victim with a wrench, removed him from his vehicle, and drove away in that vehicle. *Id.* at 16.

The evidence at trial included the victim's identification of Petitioner, corroborating eyewitness testimony, and forensic evidence linking Petitioner to the vehicle. *Id.* at 17. Petitioner did not testify. Defense counsel presented an alibi defense. *Id.* Petitioner was sentenced to a total term of 219 months of imprisonment. *Id.* at 226-30.

*2. Direct Appeal*

Petitioner appealed, arguing ineffective assistance of trial counsel. *Id.* at 16-21. Petitioner also filed a *pro se* statement of additional grounds raising multiple issues, including a claim concerning the use of an uncertified interpreter. *Id.* at 48-159.

On June 17, 2014, the Washington Court of Appeals affirmed the convictions. *Id.* at 20-21. The court rejected the ineffective assistance claim, concluding that Petitioner failed to demonstrate the existence of favorable evidence not presented by counsel or resulting prejudice. *Id.* The court also rejected

ORDER – 2

Petitioner's additional *pro se* claims.  *Id.* at 18 n.2.  The Washington Supreme Court denied review on January 7, 2015.  *Id.* at 241.

    *3.  Postconviction Proceedings*

Petitioner filed multiple personal restraint petitions ("PRPs").  ECF No. 60-2; ECF No. 60-3.  In these petitions, Petitioner raised additional ineffective assistance claims, challenges related to transcripts and records, and claims regarding the sufficiency of the evidence.  *See* ECF No. 60-2 at 65–84; ECF No. 60-2 at 575-76; ECF No. 60-3 at 7.

The Washington Court of Appeals dismissed several of Petitioner's later PRPs as untimely under RCW 10.73.090.  *See* ECF No. 60-2 at 596-98; ECF No. 60-3 at 124-25.  The Washington Supreme Court denied review of the consolidated PRPs on November 20, 2017.  ECF No. 60-2 at 553.  It later denied review of PRP 3 on July 11, 2018, and denied modification on October 3, 2018.  ECF No. 60-2 at 615, 627.

**LEGAL STANDARD**

Under Section 2254, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Relief may only be granted on a claim that was adjudicated on the merits in state court proceedings if

ORDER – 3

the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

"'[C]learly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted). "[A] federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fair[-]minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). A factual determination by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* A court may grant habeas relief only if the challenged error caused "actual prejudice" or had "substantial and injurious effect or influence" on the outcome of the case. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *see also Brown v. Davenport*, 596 U.S. 118, 122 (2022) ("When a state court has ruled on

ORDER – 4

the merits of a state prisoner's claim, a federal court cannot grant relief without first applying both the test [the Supreme] Court outlined in *Brecht* and the one Congress prescribed in AEDPA.").

**DISCUSSION**

The Amended Petition raises nine grounds for relief.  ECF No. 8 at 49-51. Only Grounds One through Four were fairly presented to the Washington Supreme Court on direct review or in timely collateral proceedings.  *See* ECF No. 60-1; ECF No. 60-2.  Grounds Five through Nine were either not presented or were raised in untimely personal restraint petitions and are therefore procedurally defaulted.

*1.  Exhausted and Procedurally Defaulted Claims*

A court may not grant an application for a writ of habeas corpus "unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner has not exhausted a claim for relief "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

ORDER – 5

To meet the exhaustion requirement, the petitioner must have "'fairly present[ed]' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan*, 5jmnn 13 U.S. at 366). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Id.* (citing *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996)).

The following claims were presented on direct review and adjudicated on the merits: (1) ineffective assistance of trial counsel based on failure to present evidence regarding distance and timing; (2) a claim concerning the use of an uncertified interpreter; (3) a challenge to the adequacy of the record on appeal and the denial of requests for transcripts; and (4) a claim challenging the sufficiency of the evidence supporting the robbery conviction. *See* ECF No. 60-1 at 18-21, 18 n.2. These claims are properly exhausted.

Grounds Five, Six, Seven, Eight, and Nine—including additional ineffective assistance claims, claims regarding transcripts and records, sufficiency-of-the-

ORDER – 6

evidence claims, and other constitutional challenges—were raised in personal restraint petitions that were dismissed as untimely under RCW 10.73.090. *See* ECF No. 60-2 at 596-98; ECF No. 60-3 at 124-25. Because those claims were rejected on an independent and adequate state procedural ground, they are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Walker v. Martin*, 562 U.S. 307, 316 (2011).

A habeas petitioner who procedurally defaults on a federal claim in state court is barred from federal habeas review unless: (1) "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphases in original).

ORDER – 7

The "miscarriage of justice" exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. The petitioner must present new evidence and show that, based upon this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Additionally, in *Martinez v. Ryan*, the Supreme Court established a narrow equitable exception to the general *Coleman* standard for procedurally defaulted claims of ineffective assistance of counsel. 566 U.S. 1, 8-9 (2012). Under *Martinez*, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. To establish cause, the petitioner must show that:

> (1) the underlying ineffective assistance of trial counsel claim is "substantial"; (2) the petitioner was not represented or had ineffective counsel during the [post-conviction relief ("PCR")] proceeding; (3) the state PCR proceeding was the initial review proceeding; and (4) state law required (or forced as a practical matter) the petitioner to bring the claim in the initial review collateral proceeding.

*Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014) (en banc) (quoting *Trevino v. Thaler*, 569 U.S. 413, 423 (2013)). An ineffective assistance of trial counsel

ORDER – 8

claim is "substantial" if "the claim has some merit." *Martinez*, 566 U.S. at 14 (citation omitted).

Petitioner has not demonstrated cause or prejudice. His assertions regarding lack of legal resources and counsel do not establish cause. *Murray*, 477 U.S. at 488. Nor has he presented new reliable evidence of actual innocence. *Schlup*, 513 U.S. at 324. Accordingly, these claims are procedurally barred and not subject to federal habeas review.

### 2. Evidentiary Hearing

Petitioner requests an evidentiary hearing. Because the claims can be resolved on the state court record and Petitioner has not satisfied the requirements of 28 U.S.C. § 2254(e)(2), the request is denied.

### 3. Record on Appeal and Transcripts Claim

Petitioner contends that the state courts violated his constitutional rights by denying his requests for transcripts and failing to ensure an adequate record on appeal. Petitioner specifically sought transcription of opening statements and voir dire, as well as additional materials to supplement the appellate record. *See* ECF No. 60-2 at 69-70.

The Supreme Court has recognized that indigent defendants are entitled to a record of sufficient completeness to permit proper appellate review, but not to transcripts in every case. *See Griffin v. Illinois*, 351 U.S. 12, 20 (1956); *Draper v.*

ORDER – 9

*Washington*, 372 U.S. 487, 495-96 (1963).  Rather, the Constitution requires only those portions of the record that are necessary to permit adequate appellate review. *See Draper*, 372 U.S. at 495.

The record reflects that appellate counsel exercised professional judgment in ordering transcripts necessary to present the issues on appeal and explained that opening statements are not evidence and generally do not provide a basis for appellate claims.  ECF No. 60-2 at 190-92.

Petitioner has not demonstrated that additional transcripts were necessary. His claim rests on speculation that opening statements or voir dire might have revealed error, including an alleged concession of guilt.  *See* ECF No. 60-2 at 521-22.  The state court rejected this argument as belied by the existing trial record. ECF No. 60-4 at 149-150.

The Constitution requires only a "record of sufficient completeness," not a complete verbatim transcript.  *Draper*, 372 U.S. at 495.  Because Petitioner has not shown that the absence of the requested materials rendered his appeal inadequate or affected the outcome, the state court's rejection of this claim was not contrary to, nor an unreasonable application of, clearly established federal law.

   *4. Sufficiency of the Evidence*

Petitioner contends that the evidence was insufficient to support his robbery conviction because the force used against the victim preceded any intent to steal

ORDER – 10

the vehicle.  He argues that the assault and the taking of the vehicle were separate acts and that he used the vehicle only to escape.  ECF No. 8 at 50.

A challenge to the sufficiency of the evidence asks whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  On federal habeas review, this standard is applied with an additional layer of deference under 28 U.S.C. § 2254(d).

The state court rejected Petitioner's claim, concluding that a rational trier of fact could infer that Petitioner assaulted the victim with the intent to take the vehicle.  *See* ECF No. 60-3 at 122-23.  The record supports that determination. According to the evidence presented at trial, Petitioner instructed the victim to stop the vehicle, beat him with a wrench, dragged him from the vehicle while continuing the assault, and then returned to the vehicle and drove away.  *See id.* at 121-22. The vehicle was later recovered several blocks away.  *Id.*

Under Washington law, as the state law explained, the use of force need not be contemporaneous with the taking of property so long as it is part of a continuous transaction.  *See* ECF No. 60-2 at 527 (citing *State v. Handburgh*, 830 P.2d 641 (Wash. 1992)).  Applying that principle, the state court concluded that Petitioner's

ORDER – 11

use of force was part of the taking and that the evidence was sufficient to support the robbery conviction.  *Id.*

Petitioner's argument asks the Court to adopt an alternative interpretation of the evidence, namely, that the assault was unrelated to any intent to steal.  But under *Jackson*, the Court must view the evidence in the light most favorable to the prosecution and draw all reasonable inferences in its favor.  The jury was entitled to infer from the sequence of events that Petitioner used force to obtain the vehicle. Petitioner's proposed interpretation does not render the jury's conclusion irrational. At most, it presents a competing inference, which is insufficient to establish a constitutional violation.  Because the state court's rejection of this claim was not objectively unreasonable, habeas relief is not warranted.

*5.  Ineffective Assistance of Counsel*

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a defendant must show that: (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense."  *Id.* at 687.  To prove counsel's performance was deficient, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  To prove prejudice, "[t]he defendant must show that there is a reasonable probability

ORDER – 12

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The only ineffective assistance claim properly before the Court is Petitioner's claim that trial counsel failed to present evidence concerning distance and timing. The Washington Court of Appeals rejected this claim on the merits. ECF No. 60-1 at 20. Under *Strickland*, Petitioner must demonstrate deficient performance and prejudice. 466 U.S. at 687. Under AEDPA, the question is whether the state court's application of *Strickland* was unreasonable. *Harrington*, 562 U.S. at 105. The state court's factual findings are presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

The state court concluded that Petitioner failed to demonstrate that favorable evidence existed or that he was prejudiced. ECF No. 60-1 at 20. The court further determined that counsel's decision to pursue an alibi defense was a reasonable tactical choice. *Id.* This determination was not unreasonable. The record reflects that counsel argued Petitioner could not have traveled from his workplace to the crime scene within the relevant timeframe. *See* ECF No. 60-1 at 19-20. Petitioner also fails to establish prejudice. The evidence at trial included the victim's identification of Petitioner; testimony from multiple eyewitnesses; and forensic evidence linking Petitioner to the vehicle, including a palm print. *Id.* at 17. In light of this evidence, the state court reasonably concluded that Petitioner failed to

ORDER – 13

demonstrate a reasonable probability of a different outcome. *Strickland*, 466 U.S. at 694.

### 6. *Interpreter Claim*

Petitioner contends that the use of an uncertified interpreter violated his rights. This claim was raised on direct review and rejected by the state courts. ECF No. 60-1 at 18 n.2, 241. Petitioner identifies no clearly established Supreme Court authority holding that the use of a non-certified interpreter, without more, violates the Constitution. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The state court's rejection of this claim was not contrary to, nor an unreasonable application of, clearly established federal law.

### 7. *Appointment of Counsel*

There is no constitutional right to counsel in federal habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Petitioner has not demonstrated exceptional circumstances warranting appointment of counsel.

### 8. *Certificate of Appealability*

Rule 11(a) of the Rules Governing Section 2254 Cases requires that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See also* Fed. R. App. P. 22(b). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In weighing a

ORDER – 14

certificate of appealability, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

As explained above, Petitioner has not articulated any principle of clearly established federal law that the state courts' decisions *arguably* contradicted or applied unreasonably. It is therefore implausible that reasonable jurists could disagree as to the sufficiency of Petitioner's constitutional claims or eligibility for habeas relief. In other words, Petitioner has not made a prima facie showing, much less a substantial showing, of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Accordingly, the Court denies Petitioner a certificate of appealability.

## CONCLUSION

Because Petitioner's claims are either procedurally barred or fail under 28 U.S.C. § 2254(d), the Amended Petition is dismissed with prejudice.

Accordingly, **IT IS ORDERED:**

1.    The Amended Petition, **ECF Nos. 1, 8**, is **DISMISSED with prejudice**.

2.    A certificate of appealability is **DENIED**.

ORDER – 15

**IT IS SO ORDERED.**  The Clerk's Office is directed to file this Order, provide a copy to the parties, enter judgment of dismissal with prejudice, and **CLOSE the file**.

DATED April 10, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 16